**Joe Baretti, Appellee, v. Peter S. Theurer, Trustee, and Peter Schoenhofen Brewing Company, Appellants.**

### (Not to be reported in full.)

Appeal from the Circuit Court of Franklin county; the Hon. CHARLES H. MILLER, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 13, 1917.

### Statement of the Case.

Bill by Joe Baretti, complainant, against Peter S. Theurer, trustee, and the Peter Schoenhofen Brewing Company, a corporation, defendants, to cancel a certain bond and mortgage executed by the complainant, and cross-bill to foreclose such mortgage. From a de-

cree canceling the bond and mortgage, defendants appeal.

Butz, Von Ammon & Johnston, for appellants; John E. Carr, of counsel.

W. H. Hart and W. P. Seeber, for appellee.

Mr. Presiding Justice McBride delivered the opinion of the court.

### Abstract of the Decision.

1. Appeal and error, § 1410*—*when finding deemed not to be against manifest weight of evidence.* A finding that complainant's indebtedness, to secure which he had given the bond and mortgage in suit, had been fully paid, *held* not against the manifest weight of the evidence where the testimony as to the amount of the goods for which the indebtedness was incurred or the amount of payments thereon was confused and the facts were not so collated in the brief or abstract as to enable the court on review to pass on the question.

2. Payment, § 29*—*when evidence sufficient to show payment of check.* A finding that complainant had paid a certain check which had been, when presented, refused payment, *held* not error where subsequent payments for a much larger amount were shown to have been made.

3. Witnesses, § 259*—*when testimony of agent of corporation is entitled to little weight.* Testimony by an agent for the defendant corporation that the books of the corporation showed that complainant owed the corporation a certain balance, *held* not of much weight where the witness also testified he did not keep such books or receive the orders for the goods sold and had no personal knowledge of the transactions.

4. Evidence, § 255*—*when ledger leaves are inadmissible to prove books of account.* Certain ledger leaves offered in evidence not shown to be from a book of original entries, or that the entries made therein were made by the witness or were true and just, or were made by a deceased person or nonresident or in the usual course of business, *held* not admissible under the statute to prove books of account.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

5. CANCELLATION OF INSTRUMENTS—*when cancellation of bond and mortgage to secure sales to purchase is proper.* Where complainant gave a certain bond to secure sales to be made by him in the future and did not specify any time or the extent of such sales, *held* that complainant would be entitled to have such bond and a mortgage given to secure same canceled when he should have paid all due if he did not desire to further continue business.